UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

STEVEN CAMACHO,

                Petitioner

-against-

CAMERON LINDSAY,

                Respondent.
----------------------------------------------------------x

**ORDER**
09-CV-1791 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner Steven Camacho, pro se, brings a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his criminal conviction, which was entered in the United States District Court for the Southern District of New York. (See Petition (Docket Entry # 1); see also No. 93-cr-549-2 (JFK) (S.D.N.Y.).) For the reasons set forth below, the court transfers the Petition to the United States Court of Appeals for the Second Circuit.

A § 2241 petition generally challenges the execution of a federal prisoner's sentence, whereas challenges to the underlying conviction and sentence are properly raised in a petition under 28 U.S.C. § 2255. Jiminian v. Nash, 245 F.3d 144, 146-47 (2d Cir. 2001); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n. 5 (2d Cir. 1991). Here, Petitioner seeks to vacate his underlying criminal conviction; accordingly, the proper basis for the instant application is § 2255, not § 2241. When a district court is presented with a § 2241 petition raising claims that are properly the subject of a § 2255 petition, it may construe the petition as a successive habeas petition and transfer it to the appropriate Court of Appeals, without giving prior notice to the petitioner, if the petitioner's earlier § 2255 petition was dismissed on the merits. See Jiminian, 245 F.3d at 148.

1

Here, Petitioner's prior § 2255 was dismissed on the merits by the United States District Court for the Southern District of New York. By order dated August 10, 1999, the Honorable John F. Keenan denied Petitioner relief under 28 U.S.C. § 2255. (See Camacho v. United States, No. 98-cv-7057 (JFK) (S.D.N.Y.).) Petitioner subsequently sought leave from the Second Circuit to file a successive petition, but the court denied the request. (See id., No. 05-3483-op (2d Cir.); see also id., No. 98-cv-7057, Docket Entry # 4.) It appears that Petitioner sought again before the Second Circuit to file a successive § 2255 petition, but the Court of Appeals denied him authorization to do so. (See id., No. 07-3293-op (2d Cir.); see also id., No. 98-cv-7057, Docket Entry # 5.)[1]

This Petition is a successive petition for a writ of habeas corpus. The court therefore transfers the action to the Court of Appeals for the Second Circuit. See 28 U.S.C. § 1631; Poindexter v. Nash, 333 F.3d 372, 382 (2d Cir. 2003) (holding that district court has no power to entertain a second or successive § 2255 motion unless the appropriate Court of Appeals has authorized the filing of that motion); Liriano v. United States, 95 F.3d 119, 122-23 (2d Cir. 1996) ("[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in a district court without . . . authorization by this Court . . . the district court should transfer the petition or motion to this Court in the interest of justice pursuant to § 1631."); see also Torres v. Senkowski, 316 F.3d 147, 151 (2d Cir. 2003).

SO ORDERED.

Dated: Brooklyn, New York
      May 1, 2009

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[1] Moreover, on December 26, 2007, petitioner filed a notice of motion pursuant to 28 U.S.C. § 1651, which the United States District Court for the Southern District on New York construed as a petition pursuant to 28 U.S.C. § 2255 and transferred to the Second Circuit. (See Camacho v. United States, No. 07-cv-11517 (KMW) (S.D.N.Y. Dec. 26, 2007).) The Second Circuit again denied petitioner permission to file a successive § 2255 petition. (See id., Nos. 08-0304-op, 08-0884-pr (2d Cir. July 29, 2008).)